IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KELVIN GREEN, # 234604**                                                         **PETITIONER**

v.                                                                       **CIVIL NO. 1:24cv127-HSO-BWR**

**BRAND HUFFMAN**                                                                  **RESPONDENT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte.   Pro se Petitioner Kelvin Green ("Petitioner" or "Green"), filed this habeas lawsuit on May 2, 2024, challenging his conviction for sexual battery.   Pet. [1] at 1.   Green is incarcerated at the South Mississippi Correctional Institution in Leakesville, Mississippi.   *Id.*

On May 14, 2024, the Court denied Green leave to proceed *in forma pauperis* and ordered him to pay the filing fee by June 13, 2024.   Order Den. IFP [3] at 1. When it received no response from Petitioner, the Court entered an Order to Show Cause [4] on July 1, 2024, directing him to either pay the filing fee or show cause by July 15, 2024, why the case should not be dismissed for failure to obey the Court's prior Order [3].   Order to Show Cause [4] at 1.   After Green did not respond to this Order [4], the Court entered a Second Order to Show Cause [5], giving him until August 12, 2024 to comply.   2d Order to Show Cause [5] at 1-2.   On August 9, 2024, Green responded that prison officials had processed his request to have the filing fee forwarded from his account, and he asked the Court to contact the prison. Resp. [6] at 2.   Green did not provide any details as to when he claims the request

was made or processed. Even though Green purported to attach exhibits, none were included. *Id.* To date, the Court has not received the filing fee.

Each Order [3], [4], [5] was mailed to Green's address of record, and they were not returned as undeliverable. To date, Green has not paid the filing fee. The Court warned Petitioner that failure to comply with its Orders may lead to the dismissal of the Petition. 2d Order to Show Cause [5] at 1; Order to Show Cause [4] at 1; Order Den. IFP [3] at 1.

The Court has the authority to dismiss an action for a petitioner's failure to prosecute or to obey an order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action sua sponte. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. . . . so as to achieve the orderly and expeditious disposition of cases." *Id.* Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

The Court finds that Green has "fail[ed] to . . . comply with . . . court order[s]" as contemplated by Federal Rule of Civil Procedure 41(b). Fed. R. Civ. P. 41(b). And after more than four months, Green still has not paid the filing fee. It is apparent from Green's failure to comply with the Court's Orders that he lacks interest in pursuing this case. Therefore, this case will be dismissed. Since

Respondent has not been called upon to answer the Petition or appear in this action, and since the Court has not considered the merits of Green's claims, the dismissal will be without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and to obey the Orders of the Court.   A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 27th day of August, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE